UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: _6/16/2016_ |

JANE J. DAVIS,

                             Plaintiff,

        -against-

COMMISSIONER OF SOCIAL SECURITY,

                             Defendant.

15 Civ. 6301 (AT)(FM)

**ORDER ADOPTING
REPORT AND
RECOMMENDATION**

ANALISA TORRES, District Judge:

On August 10, 2015, Plaintiff, Jane J. Davis, filed this action pursuant to Section 205(g) of the Social Security Act to challenge a disability benefits determination made by Defendant, Commissioner of Social Security. ECF No. 2. On September 8, 2015, the matter was referred to Magistrate Judge Frank Maas. ECF No. 5. Defendant filed a motion to dismiss for lack of jurisdiction on February 3, 2016, ECF No. 15, and Magistrate Judge Maas issued a Report and Recommendation ("R & R") on April 18, 2016, proposing that Defendant's motion be granted, ECF No. 25. The Court received objections to the R & R from Plaintiff dated May 2, 2016. ECF No. 27.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a party makes specific objections, the court reviews *de novo* those portions of the R & R to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a party makes only conclusory or general objections, or simply reiterates the original arguments," the court reviews the R & R strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Osborne v. Miller*, 557 F. Supp. 2d 435, 438-39 (S.D.N.Y. 2008) ("Reviewing courts should review [an R & R] for clear error where objections are 'merely perfunctory responses,' argued in an attempt to 'engage the district court in a rehashing of the same arguments set forth in the original petition.'"). "[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the [R & R], and indeed may not be deemed objections at all." *Razzoli v. Fed. Bureau of Prisons*, No. 12 Civ. 3774, 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014).

"*Pro se* parties are generally accorded leniency when making objections." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008). "Nonetheless, even a *pro se* party's objections to a[n] [R & R] must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.*

Plaintiff's objections do not specifically address any portion of the R & R. Instead, Plaintiff rehashes her previous arguments and raises new arguments and factual assertions. Accordingly, the Court reviews for clear error.

The Court has reviewed the thorough and well-reasoned R & R and finds no clear error. The Court ADOPTS the R & R in its entirety, and Defendant's motion to dismiss is GRANTED.

The Clerk of Court is directed to close the case and to mail a copy of this order to Petitioner *pro se*.

SO ORDERED.

Dated: June 16, 2016
       New York, New York

---

ANALISA TORRES
United States District Judge